**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| FE DEMOLITION AND REMEDIATION, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>NEW MILL CAPITAL HOLDINGS, LLC, FIRST UNITED BANK AND TRUST COMPANY, UNKNOWN OWNERS, NON-RECORD CLAIMANTS, AND UNKNOWN NECESSARY PARTIES,<br><br>    Defendants. | Case No. 3:21-CV-3088<br><br>State Court Case No. 2021CH1 |

**DEFENDANT NEW MILL CAPITAL HOLDINGS, LLC'S
MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY
PARTIES AND FOR FAILURE TO STATE A CLAIM FOR RELIEF**

Defendant New Mill Capital Holdings, by and through its undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves the Court for an order dismissing all counts asserted against New Mill in the Amended Complaint to Foreclose Mechanics Lien and for Other Relief.  As explained more fully in New Mill's Memorandum of Law in Support of its Motion to Dismiss, which is incorporated herein by reference, each count asserted against New Mill in the complaint suffers from procedural and substantive defects, many of which cannot be cured by an amended pleading.  In particular:

- Count I (to foreclose on an asserted mechanics lien) fails because Plaintiff has not joined two necessary parties on that count:  (1) the owner of the real property and (2) the bank holding a mortgage on the property.  Count I also fails for lack of a claim for any underlying payment due.

- Count II (for breach of contract) fails because the document that Plaintiff claims is a contract (which is attached as an exhibit to the Complaint) is, by its very language, an unenforceable "agreement to agree" and lacks the necessary elements to be deemed a contract.  Count II fails also because Plaintiff does not identify in the "contract" the specific obligations that he asserts New Mill breached.

- Count III (for quantum meruit), which seeks only to recover Plaintiff's "standby

costs" fails because it is supported by nothing but legal conclusions and does not plausibly allege how such standby costs conferred a benefit on, or were accepted by, New Mill.

WHEREFORE, New Mill respectfully requests that the Court (1) grant New Mill's motion to dismiss the Amended Complaint; (2) dismiss Counts I, II, and III; and (3) award New Mill all further relief to which it is entitled.

Dated: April 22, 2021.

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Rodney L. Lewis*
    Rodney L. Lewis
    150 N. Riverside Plaza, Suite 3000
    Chicago, IL 60606
    Telephone: (312) 819-1900
    Facsimile: (312) 819-1910
    rodneylewis@polsinelli.com

    Britton L. St. Onge (*application for admission forthcoming*)
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102
    Telephone: (314) 889-8000
    Facsimile: (314) 231-1776
    bstonge@polsinelli.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 22, 2021, I caused to be served by U.S. Mail and email the foregoing on the following:

John M. Riccione
jriccione@taftlaw.com
Adam W. Decker
adecker@taftlaw.com
Taft Stenninius & Hollister, LLP
111 W. Wacker Dr., Suite 2800
Chicago, Illinois 60601

*Attorneys for Plaintiff*

      */s/ Rodney Lewis*