**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| FE DEMOLITION AND REMEDIATION, LLC,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>NEW MILL CAPITAL HOLDINGS, LLC; 1200 NORTH LOGAN, LLC; FIRST UNITED BANK AND TRUST COMPANY; UNKNOWN OWNERS, NON-RECORD CLAIMANTS, AND UNKNOWN NECESSARY PARTIES,<br><br>　　Defendants. | Case No. 3:21-CV-3088<br><br>Hon. Richard H. Mills<br><br>Mag. J. Thomas P. Schanzle-Haskins |

**FIRST UNITED BANK AND TRUST COMPANY'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

The Court should grant First United Bank and Trust Company's Motion to Dismiss Count I. Within four months after completing work, FE Demolition and Remediation neither filed a legally compliant lien claim nor filed an action against the Bank to enforce the lien. That compels dismissal. FE's arguments opposing dismissal are unavailing.

FE's recorded lien did not satisfy the Illinois Mechanics Lien Act. "The Act's technical and procedural requirements must be strictly construed because mechanic's liens are a statutory creation." *Premier Elec. Const. Co. v. Am. Nat'l Bank of Chi.*, 276 Ill. App. 3d 816, 821–22 (Ill. App. Ct. 1995). "Strict construction of the Act ensures and instructs that the lien is valid only if each of the statutory requirements is scrupulously observed." *Cityline Const. Fire & Water Restoration, Inc. v. Roberts*, 7 N.E.3d 235, 811 (Ill. App. Ct. 2014) (quotation marks and brackets omitted). As the Bank explained in its moving papers, FE's lien statement listed the wrong party to the contract—a party that, in FE's own words, "has no involvement in the claims alleged." Motion for Leave to Amend ¶ 3. Under the authority cited in the Bank's motion (*Bale*, *Candice*, and *Ronning*), identifying the wrong party to the contract means that a lien is not

properly recorded.

The factual distinctions FE raises in *Bale*, *Candice*, and *Ronning* do not blunt the force of their reasoning or undermine legal proposition for which they stand: in order to include a "brief statement of the contract," a statement of lien must recite the correct parties to the contract. The authority that FE offers, by contrast, has distinctions that matter. In *Lake County Grading Co. v. Forever Construction Co.*, 79 N.E.3d 743 (Ill. App. Ct. 2017), the "de minimis" error that FE says was at issue there was no error at all. Specifically, the lien statement "misidentified Waukegan Savings as an owner of the property when it was only a mortgagee." *Id.* at 759. But a lien statement needn't identify the owner or mortgagee at all, so the misidentification there did not violate the Act. *See Sorg v. Crandell*, 84 N.E. 181, 184 (Ill. 1908); *Lundy v. Boyle Indus., Inc.*, 361 N.E.2d 321, 324–25 (Ill. App. Ct. 1977). With respect to the proper parties to the contract in *Lake County*, the court held that the "lien, the pleadings, and the affidavits have consistently identified Waukegan Savings, acting on behalf of Forever Construction, as a party to the demolition agreement." 79 N.E.3d at 759–60. Here, by contrast, the lien statement recited as a party to the contract an entity that FE concedes is "the wrong entity and has no involvement in the claims alleged." That makes *Lake County* different and FE's lien statement defective.

FE also cannot save Count I based upon filing a timely lawsuit against the Bank. FE acknowledges that it named the "wrong" third party as a defendant in its original complaint, but claims that its amended pleading relates back to the original filing and makes the belated claim against the Bank therefore timely. But as the Bank explained in its moving papers, the Illinois Mechanics Lien Act does not permit amendments with respect to non-owners. *See* 770 ILCS 60/7; *See Cordeck Sales, Inc. v. Construction Systems, Inc.*, 887 N.E.2d 474, 502 (Ill. App. Ct. 2008). FE responds that "Section 7 simply does not prohibit amendments to *pleadings* with

respect to third-party incumbrancers, but only disallows amending *lien claims*." Resp. at 10. Yet FE offers no authority in which a court allowed a claimant to amend its pleading against a third-party "incumbrancer" under the Act after the four-month period lapsed. FE also contends that Section 12 governs amendments to pleadings and allows them as against third party incumbrancers. Section 12 states that the "court shall permit amendments to any part of the pleadings . . . *except as is otherwise provided in this act*." 770 ILCS 60/12 (emphasis added). This means that the authority of the court to allow amended pleadings is subject to Section 7's disallowance of amendments with respect to non-owners.

* * * * *

For these reasons, as well as those offered in the Bank's moving papers, the Court should grant the Bank's motion and dismiss Count I.

Dated: July 2, 2021.

    Respectfully submitted,

    **POLSINELLI PC**

By: */s/ Britton L. St. Onge*
    Rodney L. Lewis
    150 N. Riverside Plaza, Suite 3000
    Chicago, IL 60606
    Telephone: (312) 819-1900
    Facsimile: (312) 819-1910
    rodneylewis@polsinelli.com

    Britton L. St. Onge
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102
    Telephone: (314) 889-8000
    Facsimile: (314) 231-1776
    bstonge@polsinelli.com

    *Attorneys for Defendant First United Bank and Trust Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2021, a true and correct copy of the foregoing was served upon the following counsel of record through the Court's CM/ECF system:

John M. Riccione
jriccione@taftlaw.com
Adam W. Decker
adecker@taftlaw.com
Taft Stenninius & Hollister, LLP
111 W. Wacker Dr., Suite 2800
Chicago, Illinois 60601

*Attorneys for Plaintiff*

                                                                         */s/ Britton L. St. Onge*

78691205