IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FE DEMOLITION AND REMEDIATION LLC, )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>NEW MILL CAPITAL HOLDINGS, LLC; )<br>1200 NORTH LOGAN, LLC; FIRST )<br>UNITED BANK AND TRUST COMPANY; )<br>UNKNOWN OWNERS, NON-RECORD )<br>CLAIMANTS, and UNKNOWN )<br>NECESSARY PARTIES, )<br> )<br>   Defendants. ) | Case No. 21-3088 |

**OPINION**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Defendant 1200 North Logan, LLC's Motion to Dismiss (Doc. 25) the Plaintiff's Second Amended Complaint for Failure to State a Claim for Relief. For the reasons that follow, the Motion to Dismiss is DENIED.

I. BACKGROUND

This case concerns a contract entered into by Plaintiff FE Demolition and Remediation, LLC, ("FE") and Defendant New Mill

1

Capital Holdings, LLC ("New Mill") for demolition work rendered to Defendant 1200 North Logan, LLC ("North Logan"). FE seeks to recover "standby costs" that are alleged to have resulted when New Mill ordered FE to stop working and standby after radioactive materials were recovered at the project site. Doc. 11 ¶¶ 19-20. North Logan claims it received no benefit from that alleged portion of the contract. Doc. 26 at 1. FE also asserts entitlement to the value of scrap steel under the contract. Doc. 31 at 2. North Logan alleges the scrap steel was never created because the demolition services were never performed. Doc. 26 at 1.

North Logan asserts there is no plausible basis to recover these alleged amounts due, whether by contract (Count II) or through quantum meruit (Count III). *Id.* North Logan further alleges that, without a plausible underlying claim to recover any amount due, FE has no basis for the mechanics lien that it asserts and seeks to foreclose upon (Count I). *Id.* Therefore, North Logan seeks dismissal of Counts I, II and III.

## II. FACTUAL ALLEGATIONS

North Logan has owned what used to be a glass container manufacturing plant in Logan County, Illinois, located at 1200 North

Logan Street, Lincoln, Illinois 62656 ("the Property").  Doc. 11 ¶ 10 At all relevant times, New Mill has been the sole member of North Logan.  *Id.* ¶ 13.

In March and April 2020, FE and New Mill engaged in back-and-forth negotiations regarding a proposal for select structural demolition services at the Property.  *Id.* ¶ 11.  On May 6, 2020, FE and New Mill completed negotiations and executed a contract, whereby FE agreed to structurally demolish and remove debris from the Property.  *Id.* ¶ 13.  Under the Contract, FE also obtained title to scrap steel and recyclable materials on the Property.  *Id.* ¶ 14.  On June 5, 2020, New Mill took out a mortgage on the Property with First United, which was recorded on June 8, 2020, as Document No. 202000109375 with the Logan County Recorder of Deeds.  *Id.* ¶ 24.

Demolition work had begun when, on September 24, 2020, potentially radioactive materials were discovered on the Property.  *Id.* ¶ 15.  New Mill directed FE to cease work and go on standby.  *Id.*  FE informed New Mill that it would retain laborers and equipment for the job to be reinstated after New Mill provided the necessary clearance.  *Id.* ¶ 17.  FE alleges New Mill agreed, through an oral modification to the Contract, that it would pay for FE's standby costs

attributable to the standby order. *Id.* ¶ 15. After not receiving word from New Mill for over two weeks, on October 7, 2020, FE demobilized its laborers and, on November 12, 2020, removed its equipment from the site. *Id.* ¶ 18.

FE alleges it completed approximately 75% of the entire job before the standby order and later incurred standby costs. *Id.* ¶ 20. FE further claims neither New Mill nor North Logan have paid for these costs in the total amount of $288,996.42, irrespective of the cost of the scrap steel and interest. *Id.* On December 3, 2020, FE recorded its Notice of Contractor's Mechanics Lien with the Logan County Recorder of Deeds. *Id.* ¶ 29.

On May 21, 2021, FE filed the current Complaint against New Mill, North Logan, First United Bank and Trust Company, Unknown Owners, Non-Record Claimants, and Unknown Necessary Parties, asserting claims for Foreclosure of Mechanics Lien (Count I), Breach of Contract (Counts II and VI) and, (3) in the alternative, *Quantum Meruit* (Count III). (Doc. 11). North Logan filed the Motion to Dismiss, claiming Counts I-III fail to allege the existence of an enforceable contract that would allow FE to recover "standby costs" and "lost

scrap value." (Doc. 25). FE filed a Response (Doc. 31) in opposition to North Logan's Motion to Dismiss.

### III. DISCUSSION

Legal standard

A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Factual allegations in a complaint must give "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must consider whether the complaint states a "plausible" claim for relief. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2018). The complaint must do more than assert a right to relief that is "speculative." *See id.*

Breach of contract (Count II)

North Logan first contends that FE's claim against North Logan for breach of contract (Count II) fails for lack of an enforceable contract. (Doc. 26 at 3). North Logan's argument is premised on that of New Mill in its Motion to Dismiss (Doc. No. 18) the breach of contract claims. In considering New Mill's Motion to Dismiss, the Court concluded factual questions existed and FE had adequately alleged the existence of a contract. (Doc. No. 33 at 2-3). For the same reason, the Court will deny North Logan's Motion to Dismiss Count II.

### Quantum meruit (Count III)

North Logan contends FE's *quantum meruit* claim fails because FE cannot plausibly allege that it conferred "a measurable benefit" that North Logan accepted. Count III of FE's Complaint, which is asserted in the alternative to Count II, alleges that "North Logan has been unjustly enriched" in the total amount of $288,996.42, which FE claims is "the reasonable and customary charge for the labor and materials furnished to North Logan." Doc. 11 ¶¶ 50, 52. This amount corresponds exactly to FE's asserted "Standby Costs from 9-24-20 to 11-18-20." *Id.* ¶ 20.

FE alleges that North Logan received the benefit of laborers and equipment immediately available to resume demolition work after given the necessary clearance. (Doc. 31 at 5). Because North Logan would not be responsible for fees associated with demobilizing and remobilizing the workforce and machinery, FE contends that benefit is enough for FE to recover the costs under *quantum meruit*. (*Id.*).

"*Quantum meruit,* which literally means 'as much as he deserves,' describes a cause of action seeking recovery for the reasonable value of services nongratuitously rendered, but where no contract exists to dictate payment." *Jameson Real Estate, LLC v. Ahmed,* 2018 IL App (1st) 171534, ¶ 61. To establish such a claim for relief, "a plaintiff must prove that (1) it performed a service to the benefit of the defendant, (2) it did not perform the service gratuitously, (3) the defendant accepted this service, and (4) no written contract existed to prescribe payment for this service." *Id.* The service must be "of some measurable benefit to the defendant" in order for the plaintiff to recover. *Id.*

North Logan disputes that it received any benefit from FE's personnel and equipment remaining on-site, resulting in alleged

stand-by costs incurred by FE. (Doc. 26 at 4). North Logan contends that, because demobilization and remobilization did not occur, FE cannot assert a plausible claim. (*Id.*).

In *Prepakt Concrete Co. v. Fidelity & Deposit Co. of Md.*, 393 F.2d 187 (7th Cir. 1968) the court stated, "We agree . . . that the personnel and equipment was being furnished [to the subcontractor] while it stood ready on the site, and the value of that time was part of the labor cost which ultimately produced the building under construction." *Id.* at 190. North Logan attempts to distinguish *Prepakt Concrete* on the basis that the subcontractor in that case had an express contract with the other subcontractor which provided for payment of $45.00 per hour, once it moved its laborers and equipment onto the site, for any time during which it was unable to work because of circumstances beyond its control. *See id.* at 189.

There is a factual distinction between this case and *Prepakt Concrete*, given that FE does not have an express contract with North Logan. Based on the allegations of the Second Amended Complaint, however, FE did have a contract with New Mill, whereby FE agreed to provide labor and materials to New Mill on North Logan's property to

structurally demolish and remove debris. (Doc. 11 ¶ 13). FE contends New Mill was acting as an agent of North Logan. (*Id.* ¶ 46). FE has alleged that, by having its laborers and equipment on standby at the Property, their presence conveyed a benefit on North Logan and/or New Mill, which North Logan and/or New Mill accepted, in that the laborers and equipment were present and were willing to continue the demolition project once FE received the requisite clearance. (*Id.* ¶ 48). FE further asserts North Logan and/or New Mill benefitted in that they did not incur fees associated with demobilizing and remobilizing FE's workforce and equipment. (*Id.*) Upon accepting these allegations as true, the Court concludes that FE has asserted a claim for standby costs under *quantum meruit*. Therefore, the Court will deny the motion to dismiss Count III.

Foreclosure of mechanics lien (Count I)

North Logan next contends FE's claim in Count I to foreclose on a mechanics lien and recover standby costs from the proceeds fails because no lien can exist without a valid underlying claim for payment. (Doc. No. 26 at 7). Based on the allegations of the Second

Amended Complaint, FE has alleged plausible claims for relief. Accordingly, the Court will deny the motion to dismiss Count I.

Therefore, the Motion of Defendant 1200 North Logan, LLC to Dismiss Counts I, II and III of the Second Amended Complaint for failure to state a claim [d/e 25] is DENIED.

The Defendant is Directed to file an Answer in accordance with the Federal Rules of Civil Procedure.

ENTER: May 18, 2022

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE