# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| FE DEMOLITION AND REMEDIATION, LLC, ) ) Plaintiff, ) ) v. ) ) NEW MILL CAPITAL HOLDINGS, LLC; ) 1200 NORTH LOGAN, LLC; FIRST ) UNITED BANK AND TRUST COMPANY; ) UNKNOWN OWNERS, NON-RECORD ) CLAIMANTS, and UNKNOWN ) NECESSARY PARTIES, ) ) Defendants. ) | Case No. 21-3088 |

## OPINION

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Defendant First United Bank and Trust Company's Motion to Dismiss Count I of the Plaintiff's Second Amended Complaint. (Doc. No. 20)

### I. BACKGROUND

Defendant First United Bank and Trust Company ("First United") alleges it holds an interest by mortgage on real property in Logan County, Illinois. (Doc. 21 at 1). The property is owned by

1

Defendant 1200 North Logan, LLC. ("North Logan") (*Id.*). Plaintiff FE Demolition and Remediation, LLC ("FE") asserts a mechanics lien on the same property based on "standby costs" that were incurred by FE. (*Id.*).

FE filed this lawsuit seeking payment of its standby costs. (*Id.*). In Count I of the Second Amended Complaint, FE asserts and seeks to foreclose upon its mechanics lien. (*Id.*). First United contends that because FE did not, within four months of stopping work on the property, either (1) join First United as a party in a lawsuit to enforce the lien, or (2) record a valid mechanics lien with the county recorder of deeds, FE may not enforce the lien against First United and, therefore, Count I against First United should be dismissed. (*Id.*).

FE alleges Defendants New Mill Capital Holdings, LLC ("New Mill") and North Logan are indebted to FE in the amount of $288,996.42 on account of "standby costs." (Doc. 11 ¶¶ 20, 22). On June 5, 2020, New Mill took out a mortgage on the Property with First United, which was recorded on June 8, 2020, as Document No. 202000109375. *Id.* ¶ 24. FE asserts its mechanics lien "is superior to all other lien claimants," including the mortgage that the property owner gave to First Union. *Id.* ¶¶ 32-33. On December 3, 2020, FE

recorded a Notice of Contractor's Mechanics Lien with the Logan County Recorder of Deeds as Document No. 202000112016. *Id.* ¶ 29. FE filed an amended Notice of Contractor's Mechanics Lien six days later. *Id.* ¶ 30.

FE filed this lawsuit in Illinois state court on January 4, 2021. Doc. 21, at 2. It did not name the First United Bank and Trust Company that is a defendant in this lawsuit. *Id.* Rather, FE named "First United Bank and Trust Company," a Maryland corporation, and served that entity with process. *Id.* That entity, however, has nothing to do with the case or parties and holds no mortgage on the subject property. *Id.* New Mill pointed out the defect in its earlier motion to dismiss and FE responded by naming the correct entity in its Second Amended Complaint. *Id.*

On April 15, 2021, New Mill removed this case from Illinois state court to this Court, based upon diversity of citizenship jurisdiction. Doc. 1, at 1. The Second Amended Complaint naming First United and other entities was filed on May 15, 2021. First United seeks dismissal of Count I based on the alleged invalidity of the claim for mechanics lien. Doc. 21, at 3.

## II. DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.*

To enforce a mechanics lien against a creditor, a contractor must comply with the requirements in section 7 of the Mechanics Lien Act. *See Tefco Constr. Co., Inc. v. Cont'l Cmty. Bank and Trust Co.*, 357 Ill. App.3d 714, 719 (1st Dist. 2005). Under the Act, a claim for lien against a creditor must: "(1) be filed within four months after the completion of work; (2) be verified by affidavit of the claimant or an agent or employee; (3) contain a brief statement of the contract;

(4) set forth the balance due; and (5) provide a sufficiently correct description of the lot, lots or tracts of land to identify the same." *Id.*

Because mechanics liens are in derogation of the common law, the Act "must be strictly construed with reference to the requirements upon which the right depends." *Watson v. Watson*, 218 Ill. App.3d 397, 399 (3d Dist. 1991). The burden is on the party seeking to enforce the lien. *See id.* Once the contractor has "scrupulously observed" each of the statutory prerequisites, the Act as a whole should be liberally construed to reflect its remedial purpose. *See Tefco*, 357 Ill. App.3d at 721.

First United contends that the lien does not contain "a brief statement of the contract" as required. One of the requirements is that the recording statement identify the correct party to the contract. In *Bale v. Barnhart*, 343 Ill. App.3d 708 (4th Dist. 2003), the court noted that the contract named the preparer of the claim for lien as a party instead of the actual claimant. *See id.* at 713. The court concluded that the claim for lien did not accurately describe the contract and was thus barred. *See id.* at 714. In *Candice Co. v. Ricketts*, 281 Ill. App.3d 359 (1st Dist. 1996), because the contract

indicated that the claimant was not a party to the contract, the court found that the lien did not include an accurate description of the contract and the contract did not satisfy section 7.  *See id.* at 363-64.  In *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.*, 181 Ill. App.3d 753 (4th Dist. 1989), the Court found a lien invalid that erroneously described a written contract as a verbal contract and listed the opposing party as Adams County joint venture instead of the proper Adams Pride Alfalfa Corporation.  *See id.* at 759.  The court concluded that the lien did not contain "a sufficient statement of the contract forming the basis of the claims."  *See id.*

In *North Shore Cmty. Bank and Trust Co. v. Sheffield Wellington LLC*, 20 N.E.3d 104 (Ill. App. Ct. 2014), the Illinois Appellate Court observed that "[n]either *Ronning* nor *Candice* states that a description of a contract must be absolutely correct and perfect to be enforceable. On the contrary, the language used by both courts suggests that a lien claim need only a *sufficiently* correct description of a contract to be enforceable." *Id.* at 130.  The court stated, "Both the *Ronning* and *Candice* cases concerned significant inaccuracies in the plaintiffs'

descriptions of their written contracts and are distinguishable from the case at bar." *Id.* at 129.

Here, "New Mill Capital, LLC," rather than New Mill Capital Holdings, LLC, was named in the claim for lien. The contract entered into by the parties was signed by Gregory Schain, in his capacity as Manager of New Mill Capital. FE alleges there is no doubt it was contracting with New Mill or another entity acting on its behalf. Moreover, FE was led to believe it was contracting with "New Mill Capital" all along, based on what FE says can only be described as deception and concealment.

The Illinois Appellate Court stated that the purpose of section 7 is to provide "incumbrancers or owners of property with notice of the existence, nature and character of a lien, to enable third parties to determine from the claim whether the lien is enforceable." *Lyons Federal Trust & Sav. Bank v. Moline Nat. Bank*, 193 Ill.App.3d 108, 117 (3d Dist. 1990). In *Ronning*, *Candice* and *Bale*, the defects were much more significant than a missing word. The Court agrees with FE that First United was not prejudiced by the omission of the word "Holdings." FE's lien claim accurately describes the Property on

7

which First United held its Mortgage. Thus, the public record accurately disclosed the lien on the correct Property. First United financed the Mortgage on the Property with New Mill, thereby giving First United sufficient notice regarding the demolition services to satisfy the underlying goal of the Act. Even without the word "Holdings," the Court finds that the lien claim in this case, as in *North Shore Cmty. Bank & Trust*, was a "sufficiently correct description of a contract to be enforceable" and complies with Section 7 of the Act. Accordingly, the Court will deny First United's Motion to Dismiss.

Therefore, Defendant First United Bank and Trust Company's Motion to Dismiss Count I [d/e 20] is DENIED.

The Defendant is Directed to file an answer in accordance with the Federal Rules of Civil Procedure.

ENTER: May 18, 2022

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE