E-FILED
Wednesday, 22 June, 2022  09:56:26 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| FE Demolition and Remediation, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>New Mill Capital Holdings, LLC, 1200 North Logan, LLC, First United Bank and Trust Company, Unknown Owners, Non-Record Claimants, and Unknown Necessary Parties,<br><br>*Defendants*. | Case No.: 3:21-CV-3088<br><br>Hon. Sue E. Myerscough<br><br>Mag. J. Karen L. McNaught |

**FE DEMOLITION AND REMEDIATION, LLC'S ANSWER TO**
**FIRST UNITED BANK AND TRUST COMPANY'S AFFIRMATIVE DEFENSES**

Plaintiff, FE Demolition and Remediation, LLC ("FE Demolition"), by and through its undersigned counsel, Taft Stettinius & Hollister, LLP, answers Defendant, First United Bank and Trust Company's ("First United") Affirmative Defenses as follows:

**ANSWER TO AFFIRMATIVE DEFENSES**

1.      Plaintiff's claim in Count I to foreclose on an alleged mechanics lien fails because Plaintiff did not timely record a mechanics lien or file a lawsuit to foreclose on a lien within the time required by Illinois law for doing so. *See* 770 ILCS 60/70.

**ANSWER**:   FE Demolition denies the allegations and legal conclusions in this affirmative defense.

2.      Plaintiff's claims in Counts II and IV fail for lack of an enforceable written contract. First United has standing to assert this defense because Counts II and IV are asserted as a basis for Plaintiff's asserted mechanics lien and foreclosure claim in Count I.

**ANSWER**:   FE Demolition denies the allegations and legal conclusions in this affirmative defense.

3.      Plaintiff's claims in Count II and IV are barred by Plaintiff's prior material breach of the alleged contract, as more fully set forth in New Mill's and North Logan's Counterclaims. First United has standing to assert this defense because Counts II and IV are asserted as a basis for Plaintiff's asserted mechanics lien and foreclosure claim in Count I.

**ANSWER**:    FE Demolition denies the allegations and legal conclusions in this affirmative defense.

4.      Plaintiff's damages must be reduced or eliminated by Plaintiff's failure to take reasonable steps to mitigate its damages, including by not returning the rented equipment and not staffing employees on other jobs, among other reasons. First United has standing to assert this defense because Counts II, III, and IV are asserted as a basis for Plaintiff's asserted mechanics lien and foreclosure claim in Count I.

**ANSWER**:    FE Demolition denies the allegations and legal conclusions in this affirmative defense.

5.      Plaintiff's claims in Counts II and IV are barred because the discovery of hazardous materials at the Property rendered continued performance of the alleged contract impossible or commercially impracticable, thereby excusing all continued performance. First United has standing to assert this defense because Counts II and IV are asserted as a basis for Plaintiff's asserted mechanics lien and foreclosure claim in Count I.

**ANSWER**:    FE Demolition denies the allegations and legal conclusions in this affirmative defense.

6.      Plaintiff's claims in Counts II, III, and IV are barred on account of Plaintiff's negligence and unclean hands, as more fully set forth in New Mill's and North Logan's Counterclaims. First United has standing to assert this defense because Counts II, III, and IV are asserted as a basis for Plaintiff's asserted mechanics lien and foreclosure claim in Count I.

**ANSWER**:    FE Demolition denies the allegations and legal conclusions in this affirmative defense.

73967122v1

Dated: June 22, 2022                                          Respectfully submitted,

                                                             **FE DEMOLITION AND REMEDIATION, LLC**


                                                    By:   /s/ *John M. Riccione*
                                                          _____
                                                          One of Its Attorneys


John M. Riccione, Esq. (ARDC#6209375)
jriccione@taftlaw.com
Adam W. Decker, Esq. (ARDC#6332612)
adecker@taftlaw.com
TAFT STETTINIUS & HOLLISTER, LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527–4000

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, a true and correct copy of *FE Demolition and Remediation, LLC's Answer to First United Bank and Trust Company's Affirmative Defenses* was served upon the following counsel of record through the Court's CM/ECF system, and via email:

> Rodney L. Lewis
> Polsinelli P.C.
> 150 N. Riverside Plaza, Suite 3000
> Chicago, IL 60606
> Tel.: (312) 819-1900
> rodneylewis@polsinelli.com
>
> Britton L. St. Onge
> Polsinelli P.C.
> 100 S. Fourth Street, Suite 1000
> St. Louis, MO 63102
> Tel.: (314) 231-1776
> bstonge@polsinelli.com

/s/ *John M. Riccione*

73967122v1